14·15·00939·CR
14·15·00940·CR
14·15·00941·CR
14·15·00942·CR

IN THE COURT OF APPEALS FOR THE FIRST

DISTRICT OF TEXAS

Case No. 1445929
1445930
1446657
1468823

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

NOV 05 2015

CHRISTOPHER A. PRINE
CLERK

MAILED
11/2/15

In re,

Overille Denton Thompson,

Relator,

V.

Susan Brown,

Respondent.

## OVERILLE DENTON THOMPSON'S APPLICATION FOR
## WRIT OF MANDAMUS

## IDENTITY OF PARTIES

1. District Court of Appeals, 301 Fanin Street, Houston, Texas 77002,

2. Judge Susan Brown, Harris County Criminal Justice Center, 1201 Franklin, 17th floor, Houston, Texas 77002,

3. State prosecutor(s) name(s) have been requested by Relator, however due to the ineffective and insufficient counsel of court-appointed attorney, Tommy LaFon, Relator has been unable to obtain this information, but such is a part of record,

4. Relator, Overille Denton Thompson, SPN NO. 02425321, Harris County Sheriff's Office Jail, 1200 Baker Street, Houston, Texas 77002.

# TABLE OF CONTENTS

1. Index of Authorities — Pages 1-2

2. Statement of the Case — Page 3

3. Statement of Jurisdiction — Page 4

   Issues Presented

4. Statement of Facts — — Pages 5-8

   Point I: Ineffective and Insufficient Counsel

5. Statement of Facts — — Pages 9-13

   Point II: Respondent Susan Brown's Refusal to Answer

   Relator's Properly Filed Remedies

6. Argument — — Pages 14-16

   Point I: Ineffective and Insufficient

7. Argument — — Pages 17-19

   Point II: Respondent Susan Brown's Refusal to Answer

   Relator's Properly Filed Remedies

8. Prayer — Page 20

9. Verification — Page 21

10. Appendix ............................ Pages 22-32

11. Certificate of Compliance ............ Page 33

12. Certificate of Service ............... Page 34

13. Affidavit to Amend In Forma Pauperis Affidavit ........ Page 35

14. Account Activity Ledger .............. Pages 36-37

# INDEX OF AUTHORITIES

1. Article 1 §3 of the Texas Constitution      Pages 15, 16, 17, 18, 22

2. Article 1 §3a of the Texas Constitution      Pages 15, 16, 17, 18, 22

3. Article 1 §8 of the Texas Constitution      Pages 15, 16, 17, 18, 22

4. Article 1 §9 of the Texas Constitution      Pages 15, 17, 22

5. Article 1 §10 of the Texas Constitution      Pages 15, 16, 17, 18, 22

6. Article 1 §12 of the Texas Constitution      Pages 16, 17, 18, 22

7. Article 1 §13 of the Texas Constitution      Pages 15, 16, 17, 18, 22

8. Article 1 §19 of the Texas Constitution      Pages 15, 16, 17, 22

9. Article 5 §6 of the Texas Constitution      Pages 16, 19, 23

10. Article 5 §8 of the Texas Constitution      Pages 16, 17, 18, 19, 23

11. Article 11.01 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 23

12. Article 11.05 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 23

13. Article 11.10 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 23

14. Article 11.11 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 23

15. Article 11.15 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 23

16. Article 11.40 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 23

17. Article 11.43 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 24

18. Article 11.46 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 24

19. Article 11.60 of the Texas Code of Criminal Procedure      Pages 16, 17, 18, 24

20. Article 16.01 of the Texas Code of Criminal Procedure      Pages 15, 18, 24

21. Article 17.151 §1(1) of the Texas Code of Criminal Procedure      Pages 14, 24

22. Article 38.23 of the Texas Code of Criminal Procedure      Pages 15, 17, 24

23. Barnes v. State (App. 1 Dist. 1992) 832 S.W.2d 424.      Pages 19, 24

Mandamus key 12; Mandamus key 14(1); Mandamus key 14(3)

24. Eighth Amendment of the United States Constitution — Pages 15, 16, 17, 18, 25

25. Fifth Amendment of the United States Constitution — Pages 15, 16, 17, 18, 25

26. First Amendment of the United States Constitution — Pages 15, 16, 17, 18, 25

27. Fourteenth Amendment of the United States Constitution — Pages 15, 16, 17, 25

28. Fourth Amendment of the United States Constitution — Pages 15, 17, 18, 25

29. In re Cahill (App. 13 Dist. 2008) 267 S.W. 3d 104, Mandamus key 154 — Pages 19, 25

30. Kimmelman v. Morrison, U.S. 365, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) — Pages 14, 25

31. Kozacki v. Knize (App. 10 Dist. 1994) 883 S.W. 2d 760, Mandamus key 26 — Pages 19, 25

32. Morse v. Baker-Olsen (App. 14 Dist. 1996) 929 S.W. 2d 659. Mandamus key 3(1) — Pages 18, 25

33. Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003) — Pages 18, 25

34. Sixth Amendment of the United States Constitution — Pages 15, 16, 17, 18, 26

35. Texas Penal Code §37.09 — Pages 15, 17, 26

36. Texas Penal Code §37.10 — Pages 15, 17, 26

## STATEMENT OF CASE

1. Relator, Overille Denton Thompson, is charged with the offenses of:

   a. Possession With Intent to Deliver a Controlled Substance Penalty Group 1 4≤ 200 Grams,

   b. Felon in Possession of Firearm,

   c. Possession of a Controlled Substance - With Intent to Deliver - Penalty Group 2 or 2-A 4≤ 400 Grams,

   d. Murder,

2. Respondent, Susan Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas is presiding in these four (4) cases. Her office is located at the Harris County Criminal Justice Center, 1201 Franklin, 17th floor, Houston, Texas 77002.

3. Respondent, Susan Brown, in contempt of court and tampering with a pending official proceeding, is violating Relator Overille Denton Thompson's constitutional and statutory rights, especially his right to be heard and that of due process, by abusing her discretion and not following guiding principles of law in fulfilling her ministerial duty to answer Relator's properly submitted motions, particularly his petitions and applications for writ of habeas corpus filed individually in these four (4) cases.

## STATEMENT OF JURISDICTION

Relator, Overille Denton Thompson, invokes the jurisdiction of the First Court of Appeals because he has no other plain, speedy and adequate remedy at law to move the trial court to perform its ministerial duty and not leave void Relator's properly filed documents, thereby enabling Relator's freedom of speech.

## ISSUES PRESENTED

Relator Overille Denton Thompson's necessary legal right to be heard and and that of his due process of law have effectively been denied him because of:

Point I: Ineffective and Insufficient Counsel, and

Point II: Respondent Susan Brown's Refusal to Answer Relator's Properly Filed Remedies.

<u>STATEMENT OF FACTS</u>

Point I: Ineffective and Insufficient Counsel

1. Court-appointed attorney, Tommy LaFon, from the onset did knowingly and purposefully misrepresent Relator, Overille Denton Thompson, with conspiratorial intent to aid and abet State prosecutor(s) in that:

a. By and through his actions or lack thereof, Tommy LaFon helped to keep Relator unfairly remanded to custody while the State conducts an on-going investigation of the new allegation, of which to this day exist no physical evidence or material facts just mere accusation supported by conflicting circumstantial/hearsay testimony.

b. Tommy LaFon did attempt to manipulate Relator into unlawfully comparing evidence against himself, which is evidenced by the number of paragraph enhancements from the original convoluted complaint presented on May 19, 2015 to that which was presented on August 14, 2015 after the July 27, 2015 Consultation appearance supposedly for all four (4) cases.

c. Relator was robbed of due process from the onset of the new allegation, of which Tommy LaFon possessing clear full knowledge helped facilitate, because:

(i) Relator was never accorded a probable cause hearing at the commencement of the new allegation brought May 19, 2015, nor was he ever formally arraigned; to clarify, no presentation of the new charge was ever made before a magistrate by electronic broadcast system or in-person,

(ii) Relator was never accorded an opportunity to an examining trial.

d. March 23, 2015 at Pre-Trial Hearing in open court, Tommy LaFon did acknowledge without redress Respondent Susan Brown's attempt at coercion, wherein Relator if he did not accept the time being offered that day, then at Suppression Hearing Relator would have to enter into a plea of guilt with the DA [District Attorney] if Respondent were to side with State at said Suppression Hearing.

e. June 2, 2015 at scheduled Suppression Hearing and subsequent Jury Trial,

(i) Tommy LaFon did suspend without just cause Relator's right to due process of law in both of these necessary proceedings showing insufficient overriding necessity for such as being the new case brought just 14 days prior with no indictment,

(ii) Tommy LaFon did abusively offset Relator's next scheduled court appearance two months later for July 27, 2015 to recklessly allow prosecution time to correct the convoluted Complaint wrongly submitted in the new case on May 19, 2015, before presentment to the grand jury for subsequent indictment, and

(iii) Tommy LaFon did deliberately neglect to submit motion for examining trial as requested this day [June 2, 2015] by Relator, for which there existed more than sufficient time to fulfill with 73 days before indictment [August 14, 2015].

f. July 27, 2015 at Consultation for all four (4) cases, Tommy LaFon files a useless motion to bring forward the Confidential Informant in the three (3) old cases who had just come forward in the new case, which:

(i) is clearly indicative of the green light given him [Tommy LaFon] by prosecution because with the Confidential Informant already come forth in the new case, this action now has been rendered harmless toward State's cause in the old cases, and

(ii) demonstrates his true unwillingness to suppress State's evidence because he [Tommy LaFon] never reasserts Relator's right to suppression but instead files this useless motion to bring forward the Confidential Informant.

g. Also on July 27, 2015 at Consultation for all four (4) cases came the following:

(i) Relator made second request of Tommy LaFon to submit motion for examining trial in the new case, for which there still existed 20 days before indictment [August 14, 2015], a total of 73 days in total from Relator's original request made on June 2, 2015.

(ii) Tommy LaFon submits a motion for discovery in the new case just two months in existence with no indictment, in attempt to disprove Relator's allegations of ineffective counsel, when in fact this action only served to effectually substantiate the claims because such discovery was never sought by Tommy LaFon in the three (3) old cases before indictment, after indictment, and/or most importantly before he set the cases for trial.

2. Tommy LaFon in the three (3) old cases never filed the necessary pretrial motions to protect the constitutional and statutory rights of Relator, Overille Penton Thompson, nor did he represent Relator honorably in the new case.

3. Tommy LaFon by his own admission to Relator of having had over 20 plus years of legal experience, both defense and prosecutorial, has in fact professed to having knowledge of criminal procedure to exculpate Relator in all four (4) cases, yet has failed or refused to exercise such on the

behalf of his client [Relator].

4. Tommy LaFon has possessed knowledge of evidence to impeach the charge in the new case before indictment, yet refused to exercise such at an examining trial on the behalf of his client [Relator].

5. August 31, 2015 at so-called Evidence Exchange, Tommy LaFon was removed or allowed to remove himself from Relator's cases, an action that was taken because of the complaints of his ineffective and insufficient counsel in Relator's comprehensive applications for writ of habeas corpus submitted individually for the three (3) old cases on August 20, 2015.

## STATEMENT OF FACTS

Point II : Respondent Susan Brown's Refusal to Answer Relator's Properly Filed Remedies

1. March 23, 2015 at Pre-Trial Hearing in open court, Respondent, Susan Brown, did knowingly attempt to coerce Relator, Overille Denton Thompson, into accepting the minimum time being offered by the District Attorney's Office or agree to enter into a plea of guilt with District District Attorney if she should side with State at subsequent Suppression Hearing. This fact should be verifiable by accessing courtroom minutes and/or transcripts.

2. Respondent has knowledge in all four (4) cases that Relator's restraint is both oppressive and unlawful by and through Relator's properly filed remedies and sworn affidavits, but has not acted on such despite numerous request from Relator.

3. Respondent has knowledge in all four (4) cases of evidence that will impeach the charges or exculpate Relator by and through Relator's properly filed remedies and sworn affidavits but clearly has ignored such.

4. Respondent has clear full knowledge by and through Relator's properly submitted remedies and sworn affidavits that :

a. the evidence in the three (3) old cases cannot be used at trial against Relator because constituting "fruits of a poisonous tree" this evidence was gathered unconstitutionally or illegally, and

b. in the new case all there exist is mere accusation supported by no physical evidence or material facts just conflicting circumstantial/hearsay evidence,

yet still Respondent refuses to abide by guiding principles of law and simply obey writ, which is that of right, shall never be suspended, and should be rendered speedy and effectual.

5. Respondent by refusing to acknowledge Relator's evidence against his illegal restraint through Relator's properly submitted remedies and sworn affidavits is clearly and unreasonably denying Relator his right to be heard and due process of law.

6. August 31, 2015 in open court the following facts were established:

a. Through her circuitous retort, Respondent, Susan Brown, has acknowledged receipt of Relator Overille Denton Thompson's August 20, 2015 submissions of application for writ of habeas corpus in that:

(i) she refers to such as being mere motions, and

(ii) she has removed Tommy LaFon or allowed Tommy LaFon to remove himself from Relator's cases by stating that such was not done because of anything Relator wrote, as if Relator had wrote nothing, she would have reacted in the same fashion.

b. Respondent for the second time in open court has exhibited a hostile and unprofessional disposition toward Relator and these cases, from which bias can be inferred. Relator is sure such was recognizable to those present, and such may be conveyed through the court transcript if accurate.

c. Respondent expressed her desire that the new case should hold priority, yet the next day on September 1, 2015 when she had been served the application for writ of habeas corpus to address the matter, she still flagrantly disregarded her oath to uphold the law and disobeyed writ.

d. Respondent has very little regard if any for Relator's constitutional and statutory rights.

Herein lies reasonable suspicion to conclude that Respondent, if she ever was, no longer presides impartial in these four (4) matters.

7. Respondent Susan Brown's refusal to obey writ and her clear full knowledge of Relator's oppressive illegal restraint in all four (4) cases corresponds with the deliberate misrepresentation and conspiratorial acts of tampering by Tommy LaFon in that:

a. Neither parties' actions coincide with guiding principles of law.

b. Both parties' actions violate the constitutional and statutory rights of Relator.

c. Both parties' actions show contempt for the life and liberty of Relator.

d. Both parties' actions have kept Relator remanded to unfair and unlawful custody.

e. Both parties' actions unmistakably aid and abet State's cause.

f. All of the erroneous actions that both parties are alleged can be supported by record.

In conclusion, Respondent seems to have lost her objectivity which is plainly marked by the

Page 11

officers she presides over in these matters. Her discretion is abusive and clearly needs to be governed by that of this Court.

8. Relator, Overille Denton Thompson, has submitted many remedies to the 185th Judicial District Court of Harris County, Texas but due his confinement could only obtain the submission dates of those papers that may be viewed as pertinent toward this cause, and they are as listed:

a. Petition for Writ of Habeas Corpus for Bond Reduction served once on 5/29/15 and again on 7/1/15,

b. Motion for Evidentiary Hearing served once on 6/11/15 and again on 6/23/15,

c. Motion to Dismiss served on 7/10/15,

d. Application for Writ of Habeas Corpus separately served for each of the three(3) old cases on 8/20/15,

e. Application for Writ of Habeas Corpus served for the new case on 9/1/15,

9. Relator has provided in the Appendix a sworn affidavit to satisfy the Court's exhibit requirement because copies of the documents in question could not be hereto attached due to Relator's lack of access any longer to those materials by his confinement, but evidence of their submission can be ascertained through court record of the 185th Judicial District Court of Harris County, Texas and by accessing the website of Chris Daniel, Harris County District Clerk; also as evidence of the August 20, 2015 submissions, a copy of each of the three (3) old cases was mailed to the Court of Criminal Appeals and as evidence of the September 1, 2015 submission for the new case, a copy was mailed each to the Court of Criminal Appeals and State Commission on Judicial Conduct.

10. Relator, Overille Denton Thompson, has made over 10 requests by I-60, one written letter to the

Harris County Sheriff's Office Internal Affairs, and two grievance forms, all in effort for the last three (3) months to receive from Inmate Bank at Harris County Jail in Houston, Harris County, Texas an Account Activity Ledger covering the last six months of performance with no success, but as to effect such and declare his indigence, Relator has incorporated in the Appendix a sworn affidavit. Therefore, Relator now humbly requests that the Court allow him to proceed in forma pauperis.

11. Relator, Overille Denton Thompson, would also show the Court that Relator originally filed an application for writ of mandamus in the Court of Criminal Appeals on September 23, 2015 [WR-83, 787-01] and the motion for leave to file was denied without written order on September 10, 2015 because Relator broke the chain of order in filing such document but Relator does now correct such error by first apologizing to the Court for that unfortunate break in procedure due his ignorance and request permission to file this Application in the First Court of Appeals.

# ARGUMENT

Point I : Ineffective and ~~Insufficienct~~ Counsel

1. To show ineffective counsel, Relator, Overille Denton Thompson, moves the Court to recognize the two elements of such in <u>Kimmelman v. Morrison</u>, U.S. 365, 106 S. Ct. 2574, 91 L.Ed. 2d 305 (1986) wherein no pretrial discovery was conducted nor timely suppression motion filed. In Relator's three (3) old cases, Tommy LaFon on March 23, 2015 at Pre-Trial Hearing does the following:

   a. Sets Relator for trial without conducting a pretrial discovery.

   b. Submits motion for suppression but two months later on June 2, 2015, suspends the Suppression Hearing and subsequent Jury Trial showing insufficient cause for such as being the new case brought a mere 14 days prior with no indictment; then on July 27, 2015, instead of reasserting Relator's right to suppression, Tommy LaFon files a useless motion to bring forward the Confidential Informant, which in fact indicates his true unwillingness to suppress State's evidence.

2. 90 days after the commencement of Relator's detention, the **State** was not ready for trial, yet Tommy LaFon refused to make an effort to free Relator from illegal restraint in the three (3) old cases which is evidenced by his failure to file for the required release or bail reduction prescribed under Article 17.151 §1(1) of the Texas Code of Criminal Procedure.

3. Tommy LaFon's refusal to accord Relator an examining trial for the new case as requested having had sufficient time for such, a total of 87 days, violated Relator Overille Denton

Page 14

Thompson's rights pursuant to Article 16.01 of the Texas Code of Criminal Procedure.

4. Tommy LaFon's failure or refusal to file any of the necessary pretrial motions to protect Relator's constitutional and statutory rights in these four (4) cases are violations pursuant to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article 1 §3, §3a, §8, §9, §10, §13, and §19 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure.

5. Tommy LaFon by and through his conspiratorial effort to aid and abet State prosecutor(s) has prejudiced Relator unjustly and unfairly by leaving him remanded to oppressive illegal restraint which is not just cruel and unusual punishment but also a criminal act of tampering because such was done knowing the falsity of documents and information in all of the four (4) cases and using such with the intent to affect the course or outcome of Relator's pending criminal procedure pursuant to Texas Penal Codes §37.09 and §37.10 and violates Relator's rights protected under the Eighth, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article 1 §13, §3, §3a, §9, §10, and §19 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure.

6. Tommy LaFon through his own admission to Relator of having had over 20 plus years of criminal law experience has in fact admitted to possessing knowledge of evidence to impeach the criminal charges and criminal procedure to exculpate Relator in each of the four (4) cases, before and after indictment, and has refused to exercise such purposefully despite pleas from Relator to the contrary which has violated Relator's rights pursuant to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article 1 §3, §3a, §8, §9, §10, §13, and §19 of the Texas Constitution, Article 38.23 of the Texas Code of Criminal Procedure, and Texas Penal Codes §37.09 and §37.10.

7. Tommy LaFon knowingly and intentionally refused to:

a. Adopt into activity any of Relator's properly submitted motions.

b. Act on Relator's request to file for an evidentiary hearing in the three (3) old cases and examining trial in the new case.

These actions effectively gagged Relator of his constitutional right to be heard and unnecessarily delayed Relator's right to due process of law pursuant to the First, Fourteenth, Fifth, Sixth, and Eighth Amendments of the United States Constitution, and Article 1 §8, §19, §3, §3a, §10, and §13 of the Texas Constitution.

8. Therefore, Relator, Overille Denton Thompson, forced to resort to extraordinary remedies due his severely inadequate counsel and illegal restraint, has submitted four (4) comprehensive applications for writ of habeas corpus separately for each of these cases that have been left void by Respondent, Susan Brown, whose clear abuse of discretion is violating Relator's rights and basic guiding principles of law, and is what Relator seeks relief from through the First Court of Appeals pursuant to Article 5 §6 and §8 of the Texas Constitution, Article 1 §12, §3, §3a, §8, §10, §13, and §19 of the Texas Constitution, the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Articles 11.60, 11.01, 11.05, 11.10, 11.11, 11.15, 11.40, 11.43, and 11.46 of the Texas Code of Criminal Procedure.

## ARGUMENT

Point II: Respondent Susan Brown's Refusal to Answer Relator's Properly Filed Remedies

1. On March 23, 2015, Respondent Susan Brown by attempting to coerce Relator Overille Penton Thompson into accepting a plea of guilt did in fact violate Relator's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article 1 §10, §13, and §19 of the Texas Constitution.

2. Respondent Susan Brown's refusal to obey writ in the three(3) old cases having clear full knowledge of Relator's illegal restraint due to the fabricated physical evidence of HPD Officer Bryan A. Davis, namely an AFFIDAVIT, and using such knowing its falsity with the intent to affect the course or outcome of a pending official proceeding, which is Relator's due process of law or criminal procedure, in fact not only holds Respondent guilty of contempt of court but also a criminal act of tampering pursuant to Article 11.60 of the Texas Code of Criminal Procedure, and Texas Penal Codes §37.09 and §37.10; in addition to Relator's rights protected under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, Article 5 §8 and Article 1 §12, §3, §3a, §8, §9, §10, §13, and §19 of the Texas Constitution, and Articles 11.01, 11.05, 11.10, 11.11, 11.15, 11.40, 11.43, 11.46, and 38.23 of the Texas Code of Criminal Procedure.

3. Respondent's clear full knowledge in the three(3) old cases through Relator's properly submitted remedies, i.e. Motion for Evidentiary Hearing and Motion to Dismiss, that the affidavit of Bryan A. Davis was a false document and Respondent's failure to hear such motions violates Relator's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article 1 §3, §3a, §8, §9, §10, §13, and §19 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure.



4. In the absence of a writ of habeas corpus for the new case, Relator Overille Denton Thompson, having not been accorded a probable cause hearing, formal arraignment, or examining trial of any kind before indictment, has no other remedy at law to determine the illegality of his restraint in the matter, therefore Respondent Susan Brown's refusal to obey writ is indeed not just contempt of court but a punishment that is both cruel and unusual pursuant to the Eighth Amendment of the United States Constitution, Article 1 §13 of the Texas Constitution, and Articles 11.60 and 16.01 of the Texas Code of Criminal Procedure; in addition, Relator's rights are violated under the First, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article 5 §8 and Article 1 §12, §3, §3a, §8, §10, and §19 of the Texas Constitution, and Articles 11.01, 11.05, 11.10, 11.11, 11.15, 11.40, 11.43, and 11.46 of the Texas Code of Criminal Procedure.

5. Respondent's knowledge of Relator's ineffective and insufficient counsel, her hostile and unprofessional disposition toward Relator in the courtroom, her failure to follow guiding principles of law, and most importantly, her refusal to obey writ now in all four (4) cases violates Relator's rights pursuant to the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article 5 §8 and Article 1 §12, §3, §3a, §8, §10, §13, and §19 of the Texas Constitution, and Articles 11.60, 11.01, 11.05, 11.10, 11.11, 11.15, 11.40, 11.43, and 11.46 of the Texas Code of Criminal Procedure.

6. Respondent has left void Relator's Motion for Evidentiary Hearing in the three (3) old cases whereas a federal court has determined that the finding of "facts" in State court without such would prove both inadequate and unreasonable analysis adopted in Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003).

7. Despite the availability of other remedies, the appellate court may issue the writ of mandamus if the trial court's order is void analysis adopted in Morse v. Baker-Olsen (App. 14 Dist. 1996) 929 S.W.2d 659. Mandamus key 3(1).

8. Mandamus is available to correct judicial action that ignores clear binding precedent because trial judges do not enjoy freedom to ignore the law. Kozacki v. Knize (App. 10 Dist. 1994) 883 S.W. 2d 760. Mandamus key 26

9. Relator, Overille Denton Thompson, has shown the existence of legal duty on the behalf of the 185th Judicial District Court of Harris County, Texas to perform the nondiscretionary act of answering Relator's properly submitted remedies; also shown because of Relator's illegal restraint in these cases is the demand for performance and the refusal of the court to perform. These are the prerequisites for the issuance of writ of mandamus by an appellate court as prescribed in Barnes v. State (App. 1 Dist. 1992) 832 S.W. 2d 424 Mandamus key 12; Mandamus key 14(1); Mandamus key 14(3).

10. Exhibits accompanying relator's petition for writ of mandamus were not required to be admissible evidence. In re Cahill (App. 13 Dist. 2008) 267 S.W. 3d 104. Mandamus key 154 (1)

11. The First Court of Appeals has the power to issue the writ of mandamus to enforce its jurisdiction and rightly compel the trial court to perform its ministerial duty pursuant to Article 5§6 and §8 of the Texas Constitution.

## PRAYER

WHEREFORE, Relator, Cverille Denton Thompson, residing in oppressive illegal restraint prays that the Court will grant this Application for Writ of Mandamus and issue such writ to compel Respondent, Susan Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas, to perform her ministerial duty in lawfully sound reply to Relator's properly filed remedies with no further abuse of discretion especially those documents submitted on June 23, 2015, July 10, 2015, August 20, 2015, and September 1, 2015.

Respectfully submitted,

*Cverille D. Thompson, Jr.*

Applicant

# VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

Overille Denton Thompson, being duly sworn, under oath says:

"I am the applicant in the attached Application for Writ of Mandamus, and after reviewing such, I have concluded that every factual statement in the Application is supported by competent evidence included in the Appendix or record."

L. JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 22, 2017

_Overille Denton Thompson, Jr._
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27 DAY OF October, 2015.

Signature of Notary Public

# APPENDIX

1. Article 1§3 of the Texas Constitution. EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public service.

2. Article 1§3a of the Texas Constitution. EQUALITY UNDER THE LAW. Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative.

3. Article 1§8 of the Texas Constitution. FREEDOM OF SPEECH AND PRESS; LIBEL. Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

4. Article 1§9 of the Texas Constitution. SEARCHES AND SEIZURES. The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

5. Article 1§10 of the Texas Constitution. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor.

6. Article 1§12 of the Texas Constitution. HABEAS CORPUS. The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.

7. Article 1§13 of the Texas Constitution. EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; REMEDY BY DUE COURSE OF LAW. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

8. Article 1§19 of the Texas Constitution. DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by due course of the law of the land.

9. Article 5 §6 of the Texas Constitution. COURTS OF APPEALS;... Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

10. Article 5 §8 of the Texas Constitution. JURISDICTION OF DISTRICT COURT. District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution.... District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

11. Article 11.01 of the Texas Code of Criminal Procedure. WHAT WRIT IS. The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to anyone having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

12. Article 11.05 of the Texas Code of Criminal Procedure. BY WHOM WRIT MAY BE GRANTED. The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law.

13. Article 11.10 of the Texas Code of Criminal Procedure. PROCEEDINGS UNDER THE WRIT. When motion has been made to a judge under the circumstances set forth in the two preceding Articles, he shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in the county where the offense was charged in the indictment or information to have been committed. He shall also specify some place in the county where he will hear the motion.

14. Article 11.11 of the Texas Code of Criminal Procedure. EARLY HEARING. The time so appointed shall be the earliest day which the judge can devote to hearing the cause of the applicant.

15. Article 11.15 of the Texas Code of Criminal Procedure. WRIT GRANTED WITHOUT DELAY. The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

16. Article 11.40 of the Texas Code of Criminal Procedure. PRISONER DISCHARGED. The judge or court before whom a person is brought

by writ of habeas corpus shall examine the writ and the papers attached to it, and if no legal cause be shown for the imprisonment or restraint, or if it appear that the imprisonment or restraint, though at first legal, cannot for any cause be lawfully prolonged, the applicant shall be discharged.

17. Article 11.43 of the Texas Code of Criminal Procedure. PRESUMPTION OF INNOCENCE. No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority.

18. Article 11.46 of the Texas Code of Criminal Procedure. IF PROOF SHOWS OFFENSE. Where, upon an examination under habeas corpus, it appears to the court or judge, that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged but shall be committed or admitted to bail.

19. Article 11.60 of the Texas Code of Criminal Procedure. REFUSING TO EXECUTE WRIT. Any officer to whom a writ of habeas corpus, or other writ, warrant or process authorized by this Chapter shall be directed, delivered or tendered, who refuses to execute the same according to his directions, or who wantonly delays the service or execution of the same, shall be liable to fine as for contempt of court.

20. Article 16.01 of the Texas Code of Criminal Procedure. EXAMINING TRIAL. When the accused has been brought before a magistrate for an examining trial that officer shall proceed to examine into the truth of the accusation made, allowing the accused, however, sufficient time to procure counsel. In a proper case, the magistrate may appoint counsel to represent an accused in such examining trial only, to be compensated as otherwise provided in this Code. The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail, if a bailable case.

21. Article 17.151 §1 (1) of the Texas Code of Criminal Procedure. RELEASE OR BAIL REDUCTION. IF the defendant is accused of a felony, release or bail reduction is required if the state is not ready for trial within 90 days from the commencement of the defendant's detention.

22. Article 38.23 of the Texas Code of Criminal Procedure. EVIDENCE NOT TO BE USED. No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

23. Barnes v. State (App. 1 Dist. 1992) 832 S.W. 2d 424 Mandamus key 12; Mandamus key 14(1); Mandamus key 14(3). Prerequisites for issuance of writ of mandamus by an appellate court are existence of legal duty on part of lower court to

perform nondiscretionary act, demand for performance, and refusal of court to perform.

24. Eighth Amendment of the United States Constitution. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

25. Fifth Amendment of the United States Constitution. No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, ... nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; ...

26. First Amendment of the United States Constitution. Congress shall make no law respecting an establishment of religion ...; or abridging the freedom of speech, ...

27. Fourteenth Amendment of the United States Constitution. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

28. Fourth Amendment of the United States Constitution. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

29. In re Cahill (App. 13 Dist. 2008) 267 S.W. 3d 104 Mandamus key 154. Exhibits accompanying relator's petition for writ of mandamus were not required to be admissible evidence.

30. Kimmelman v. Morrison, U.S. 365, 106 S. Ct. 2574, 91 L.Ed.2d 305 (1986). (finding ineffective assistance of counsel where counsel conducted no pretrial discovery and failed to file a timely suppression motion against prosecution's evidence).

31. Kozacki v. Knize (App. 10 Dist. 1994) 883 S.W. 2d 760. Mandamus key 26. Mandamus is available to correct judicial action that ignores clear binding precedent because trial judges do not enjoy freedom to ignore the law.

32. Morse v. Baker-Olsen (App. 14 Dist. 1996) 929 S.W. 2d 659 Mandamus 3 (1). Appellate court may issue mandamus despite availability of other remedies if trial court's order is void.

33. Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003). (finding that the state court's "factual" findings were

unreasonable when the court made the findings without holding an evidentiary hearing)"; (finding lack of an evidentiary hearing inadequate to find "facts").

34. Sixth Amendment of the United States Constitution. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

35. Texas Penal Code §37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE. A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.

36. Texas Penal Code §37.10. A person commits an offense if he makes, presents or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record.

<u>AFFIDAVIT OF OVERILLE DENTON THOMPSON IN SUPPORT OF</u>
<u>APPLICATION FOR WRIT OF MANDAMUS</u>

STATE OF TEXAS
COUNTY OF HARRIS

I, Overille Denton Thompson, first being duly sworn depose and say:

1. I am the Relator in the above proceeding in which Respondent, Susan Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas, presides in Cause Numbers 1445929, 1445930, 1446657, and 1468823, styled State of Texas vs. Overille Thompson.

2. Relator is an inmate at Harris County Jail in Harris County, Texas who has been wrongly confined for the offenses charged in said cause numbers and to relieve his oppressive and illegal restraint in such matters has filed in said court the following remedies:

   a. Petition for Writ of Habeas Corpus for Bond Reduction served once on <u>5/29/15</u> and again on <u>7/1/15</u>,

   b. Motion for Evidentiary Hearing served once on <u>6/11/15</u> and again on <u>6/23/15</u>,

   c. Motion to Dismiss served on <u>7/10/15</u>,

   d. Application for Writ of Habeas Corpus separately served for each of the three (3) old cases on <u>8/20/15</u>,

e. Application for Writ of Habeas Corpus served for the new case on 9/1/15.

3. Because of his confinement, it is a hardship for Relator to obtain copies of the documents in question therefore those cannot be attached to satisfy the Court's exhibit requirement, so as to effect **such**, Relator has provided this affidavit to the appendix of the Application.

4. The submission of the above papers can be evidenced from court record and/or the website of Chris Daniel, Harris County District Clerk. Other evidence of the August 20, 2015 submissions were made to the Court of Criminal Appeals and the September 1, 2015 submission to both the Court of Criminal Appeals and State Commission on Judicial Conduct.

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 20, 2017

_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27 DAY OF October, 2015.

_____
Signature of Notary Public

## AFFIDAVIT OF OVERILLE DENTON THOMPSON IN SUPPORT OF
## APPLICATION FOR WRIT OF MANDAMUS
## TO PROCEED IN FORMA PAUPERIS

I, Overille Denton Thompson, declare, depose and say I am the Relator in Clause Numbers 1445929, 1445930, 1446657, and 1468823, and to proceed in this action without being required to prepay fees, costs, or give security therefor Relator states that because of his poverty, for said proceedings, he is unable to pay in advance the filing fee or give security for such. In support of this Relator shows the Court the following:

1. Relator is clearly entitled to relief because of the oppressive and illegal deprivation of his liberty without due process of law, which for a citizen of the United States of America and State of Texas, is not just inhumane-cruel and unusual punishment, but also essentially unfair and unjust.

2. Relator further declares that in the last 12 months, he has received no more in total than an approximated $150-$180 collectively from his parents, Aquila E. Wiggins and Overille Denton Thompson, Sr., and that no money has been received from either in approximately 4-5 months.

3. Relator has been detained since October 22, 2014 and is currently confined at Harris County Jail in Houston, Harris County, Texas.

4. Relator owns no cash or the equivalent thereof in a checking or savings account anywhere, including any funds in a prison account.

5. Relator owns no real estate, stocks, bonds, notes, automobiles, or other valuable property, including ordinary household furnishings and clothing. Everything of value to Relator has been lost to him during the unlawful invasion of his residence on October 22, 2014 when an illegal search warrant was executed by law enforcement authorities.

6. Relator's account balance at Harris County Jail in Houston, Harris County, Texas is in the negative for medical and dental fees. This balance can be verified by Inmate Bank at said institution.

7. Relator is unable to attach a current 6 month account history to this action because Inmate Bank at said institution unreasonably and without explanation refuses to provide such despite countless requests from Relator by I-60s and letters for the last 4 months. Other attempts to acquire said document include Relator writing separately Harris County Sheriff's Office Internal Affairs and Harris County Sheriff Ron Hickman, and the submission of two grievance forms to the Inmate Grievance Board, all of which have been met with no success. The only reply received has come from the Inmate Grievance Board and a copy of each have been attached to the Appendix as evidence of Relator's genuine effort.

Therefore, Relator, Overille Penton Thompson, does humbly request in the interest of justice and fundamental fairness that the Court recognize his indigence as factual and as such allow him to proceed in this action in forma pauperis to preserve his right to equal protection under the law.

L. JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017

_Overille P. Thompson, Jr._
Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _22_ DAY OF _October_ ,2015.

Signature of Notary Public

IN FORMA PAUPERIS

# *Disciplinary and Grievance Section*

### *Date: 9/16/2015*

*To Inmate:* **THOMPSON, OVERILLE DENTON**

*SPN#*  **2425321**

*Location*  **JA09  6E1A01**

**FROM:**  **Inmate Grievance Board**

# Your complaint regarding
# BANKING/VALUABLE PROPERTY

has been received by the Grievance Board. After review, it has been determined this matter *does not*  conform to criteria applicable to a grievable issue as outlined in the Inmate Handbook, but instead is a *Banking request*

Your request will be referred to a supervisor. No further action will be taken by the Grievance Board regarding this matter.

**You are required to review and follow the approved Grievance procedure on all future complaints.**

<u>**INMATE GRIEVANCE BOARD**</u>

*Page 31*

# Disciplinary and Grievance Section

*Date: 9/25/2015*

*To Inmate:* **THOMPSON, OVERILLE DENTON**

*SPN#* **2425321**

*Location* **JA09** **6E1A01**

**FROM:** **Inmate Grievance Board**

# Your complaint regarding
# BANKING/VALUABLE PROPERTY

has been received by the Grievance Board. After review, it has been determined this matter *does not* conform to criteria applicable to a grievable issue as outlined in the Inmate Handbook, but instead is a *Banking request*

Your request will be referred to a supervisor. No further action will be taken by the Grievance Board regarding this matter.

You are required to review and follow the approved Grievance procedure on all future complaints.

<u>INMATE GRIEVANCE BOARD</u>

*Page 32*

Case No. 1445929
1445930
1446657
1468823

In re,
Overille Denton Thompson,
Relator,
v.
Susan Brown,
Respondent.

## CERTIFICATE OF COMPLIANCE

Relator, Overille Denton Thompson, submits this his Certificate of Compliance in the above-captioned cause numbers having served an application for writ of mandamus on the First Court of Appeals in Houston, Texas, and hereby certifies that the number of words in the Application is 3,777.

Case No. 1445929
1445930
1446657
1468823

In re,
Overille Denton Thompson,

Relator,

v.

Susan Brown,
Respondent.

## CERTIFICATE OF SERVICE

I, Overille Denton Thompson, certify that on October 27, 2015, an original and three (3) copies of an application for writ of mandamus in four (4) separately marked envelopes has been served on the First Court of Appeals in Houston, Texas by U.S. Mail.

Overille Denton Thompson, Jr.
Overille Denton Thompson, Jr.

INDIGENT

HARRIS COUNTY SHERIFF'S OFFICE JAIL

Name: _Overcille Penton Thompson_

SPN: _02425321_    Cell: _6E1A_

Street: _1200 Baker_

Houston, Texas 77002

RECEIVED
1ST COURT OF APPEALS
HOUSTON, TEXAS

NOV - 5 2015

CHRISTOPHER A. PRINE
CLERK

"LEGAL"
Original Application
Writ of Mandamus
1 of 8

HCSO

U.S. POSTAGE >> PITNEY BOWES

ZIP 77002   $ 000.92⁵
02 4W
0000334684 NOV. 03 2015

First Court of Appeals
301 Fanin Street, Room 208
Houston, Texas 77002-2066